**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HAKIM ASHER
4800 Pheasant Brook Lane
Fairfax, VA 22033

Plaintiff

v.                                                                   Civil Action No.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY
Office of the General Counsel
20 Massachusetts Avenue, NW
Washington DC 20528

And

JOHN F. KELLY,
SECRETARY OF U.S. DEPARTMENT
OF HOMELAND SECURITY
245 Murray Lane SW
Washington DC 20528Defendants

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. Mr. Asher has been waiting nearly three years for defendants to adjudicate his applications for asylum and for withholding of removal. Mr. Asher was interviewed by an asylum officer on August 27, 2014. However, no decision has been made. Defendants therefore have "unreasonably delayed" acting on his applications, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).

## JURISDICTION

2. This Court has jurisdiction pursuant to 5 U.S.C. §§ 551-706. § 551(13) defines "agency action" as including the "failure to act." §555(b) states that "within a reasonable time each agency shall proceed to conclude a matter presented to it." § 702 provides that a person "suffering legal wrong because of agency action…is entitled to judicial review thereof." § 704 provides that "agency action for which there is no other adequate remedy in court [is] subject to judicial review." § 706(1) provides that the Court is authorized to compel agency action which has been "unlawfully withheld or unreasonably delayed."

"While 'reasonable time' is not a clear standard, I cannot simply ignore it." *Tang v. Ashcroft,* 493 F. Supp. 2d 148, 150 (D. Mass. 2007). Congress is never presumed to have done a vain thing in the enactment of a statute. It is a cardinal principle of statutory construction that a statute shall be so construed so that "no clause, sentence, or word shall be superfluous, void, or insignificant." *Duncan v. Walker,* 533 U.S. 167, 174 (2001).

3. Mr. Asher has a statutory right to apply for asylum and to be considered for that relief under 8 U.S.C. § 1158(a). Defendants must adjudicate his application within a reasonable time.

4. Defendants have the statutory duty to adjudicate asylum requests within 180 days of filing, under 8 U.S.C. § 1158 (d)(5)(A)(iii), in the absence of exceptional circumstances.

5. Mr. Asher has the statutory right to apply for withholding of removal and to be considered for that relief under 8 U.S.C. § 1231(b)(3). Defendants must adjudicate his application within a reasonable time.

6. "The duty to act is no duty at all if the deadline is eternity." *Tang v. Ashcroft,* 493 F. Supp. 2d 148, 150 (D. Mass. 2007) A court in Florida ruled that "administrative agencies do not possess discretion to avoid discharging the duties that Congress intended them to perform." *Elkhatib v. Butler,* 2005 WL 5226742, at *1 (S.D. Fla. 2005).

7. Defendants have failed to adjudicate the applications of Mr. Asher. In *Liu v. Chertoff,* 2007 WL 2435157, at *7 (D. Ore. 2007), the Court ruled that it is wrong to "render toothless all timing restraints…which would amount to a grant of permission for inaction."  Mr. Asher is physically present in the United States; to delay his case "seems antithetical to national security interests."  It is wrong to conclude there would be no time limit to the length of time the USCIS may take processing applications." *Id.* at *8.

8.. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

9. In *Han Cao v. Upchurch,* 496 F. Supp. 2d, 569, 574 (E.D. Pa. 2007), the Court ruled that the agency does not have the discretion to let "a petition languish indefinitely."

## **VENUE**

10.. Venue is appropriate under 28 U.S.C. § 1391, because defendants are located in the District of Columbia.

**PARTIES**

11. Plaintiff Hakim Asher ("Mr. Asher") is an asylum applicant and is also an applicant for withholding of removal.

12.. Defendant United States Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 701-706, and has the duty to adjudicate the applications of Mr. Asher.

13.. Defendant John F. Kelly is the Secretary of the Department of Homeland Security and is sued in his official capacity. He has the duty to adjudicate the applications of Mr. Asher.

**FIRST CAUSE OF ACTION: ASYLUM APPLICATION**

14. Plaintiff Mr. Asher repeats, alleges, and incorporates the allegations contained in all paragraphs set forth above.

15. Mr. Asher is a native and citizen of Afghanistan, where he worked for various Western organizations. His last position was as spokesperson for the President of Afghanistan. In that role, he was a visible and vocal opponent of the Taliban. Because of his work, the Taliban view Mr. Asher as anti-Taliban, pro-Western, and an infidel. They shot bullets at him in March 2012, near Kabul. They have threatened to kill him. The government of Afghanistan cannot protect him. Therefore, he requests asylum and withholding.

16. Mr. Asher is an outstanding person, who deserves asylum and withholding of removal. Numerous governments and officials have vouched for him:

Government of Japan issued him a certificate, dated December 12, 2008;

Timothy P. McHale, Major General, U.S. Army, wrote a letter of support for him, dated September 3, 2011;

U.S. Department of State gave him a certificate for its International Visiting Leadership Program in 2011;

Rear Admiral H.E. Pittman, U.S. Navy, wrote a letter of support for him, dated February 15, 2012;

Thomas Niblock, former Department of State official, wrote a letter of support for him, dated February 16, 2012.

He was a visiting scholar at George Washington University [2012-2013];

September 2013: American University, in Washington DC, issued him a certificate of eligibility for Exchange Visitor (J-1) Status;

August 2014: David D. Snepp, a former Department of State official, wrote a letter of support for him, dated August 14, 2014;

Research fellow and lecturer at American University in Washington DC [2013 to present.];

The Paul Nitze School of Advanced International Studies of the Johns Hopkins University, conferred upon Mr. Asher the degree of Master of International Public Policy, on May 21, 2015. *See* Exhibit 1, attached hereto.

FACTS ABOUT MR. ASHER

17. Born in Afghanistan in 1977, he spoke against the Taliban and was shot at. He arrived in the United States in 2012, worked as a visiting scholar at George Washington University, and was issued a certificate by American University.

18. He applied for asylum and withholding with defendants in July 2014, and was given A# 206-814-145.  On August 27, 2014, he was interviewed by asylum officer. The asylum

officer recommended that the applications be approved. The Supervisory Asylum Officer concurred. Yet, no final decision has been made. *See* Exhibit 2.

19. In the year 2015, he made several inquiries about his case. In 2016, he made several inquiries about his case. Defendants have still not adjudicated his applications.

20.  His status is uncertain. Many employers will not consider him for a job, because of his unclear status. He is unable to plan for the future. He is unable to properly support his wife and three children. He should be granted asylum, and also withholding of removal.

21. There are no "exceptional circumstances" justifying the delay by defendants.

22. Mr. Asher has no adequate remedy at law, and will suffer irreparable harm if his applications are not promptly adjudicated.

23. Defendants have unreasonably delayed adjudication of his applications.

24. Defendants do not enjoy "unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely." *Kim v. Ashcroft,* 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004).

## SECOND CAUSE OF ACTION: WITHHOLDING APPLICATION

25. Plaintiff Mr. Asher repeats, alleges, and incorporates the allegations contained in all paragraphs set forth above.

26. Mr. Asher has the statutory right to apply for withholding of removal and to be considered for that relief under 8 U.S.C. § 1231(b)(3). [The text of this section reads "restriction of removal." However, almost all adjudicators refer to it as "withholding of removal."]

27. An asylum application shall be deemed to constitute at the same time an application for withholding of removal. 8 C.F.R. § 208(3)(b). Form I-589 is entitled "Application for Asylum and for Withholding of Removal." These two forms of relief have much in common. However, "[t]he withholding statute differs from the asylum statute in various ways…." *Barajas-Romero v. Lynch,* 846 F.3d 351, 360 (9th Cir. 2017). The overall burden of proof for withholding of removal is higher than the burden of proof for asylum; however, concerning "nexus," the burden of proof for withholding of removal is lower. *Id.*

28. Withholding of removal "is mandatory" if the applicant qualifies. *INS v. Aguirre-Aguirre,* 526 U.S. 415, 419-20, 119 S. Ct. 1439, 1443 (1999). Whereas "withholding is mandatory… the decision whether asylum should be granted to an eligible alien is committed to the Attorney General's discretion." *Id.* A grant of withholding of removal "is not discretionary." *Matter of I-S & C-S-,* 24 I&N Dec. 432, 434 (BIA 2008).

29. Mr. Asher has no adequate remedy at law, and will suffer irreparable harm if his withholding application is not promptly adjudicated.

30. Defendants have unreasonably delayed adjudication of his application.

31. "[A]t some point, defendants' failure to take any action runs afoul of section 555(b). Were it otherwise, [defendants could hold] applications in abeyance for decades without providing any reasoned basis for doing so. Such an outcome defies logic." *Kim v. Ashcroft,* 340 F. Supp. 2d 384, 393 (S.D.N.Y. 2004)

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

a) Order defendants to adjudicate his asylum application and his withholding application forthwith;
b) Declare that defendants' actions violate the APA;
c) Award plaintiff reasonable attorney fees and costs pursuant to 28 U.S. C. §2412(d) and 5 U.S.C. § 504; and
d) Grant all other such relief to plaintiff as the Court deems proper and equitable.

    Respectfully submitted,

    Attorney for Plaintiff


    David L. Cleveland
    DC Bar # 424209
    Catholic Charities
    924 G Street, NW
    Washington, DC 20001
    [202] 772-4345 Fax: [202] 386-7032
    1949.david@gmail.com